Plaintiff's Name GUADALUPE CHAIDEZ
CDCR No. G-33130
Address 3C-03-CELL-228 UP
CORCORAN STATE PRISON. P.O. BOX 3471
CORCORAN, CA 93212-3471

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

GUADALUPE CHAIDEZ

(Name of Plaintiff)

1:22-cv-00359-HBK-(PC)

(Case Number)

VS.

CORRECTIONAL OFFICER, SANDOVAL A. JR,
LIEUTENANT E. MAGALLANES,
LIEUTENANT B. ADAMIAK,

(Names of all Defendants)

**CIVIL RIGHTS COMPLAINT UNDER:**

☒ **42 U.S.C. 1983 (State Prisoner)**

**I. Previous Lawsuits** (list all other previous or pending lawsuits on additional page):

A. Have you brought any other lawsuits while a prisoner? Yes____ No _X_

B. If your answer to A is yes, how many? _____

Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

    1. Parties to this previous lawsuit:

    Plaintiff _____

    Defendants _____

    _____

    2. Court (if Federal Court, give name of District; if State Court, give name of County)
    _____

    3. Docket Number _____  4. Assigned Judge _____

5. Disposition  (Was the case dismissed? Appealed? Is it still pending?)

_____

6. Filing Date (approx.) _____   7. Disposition Date (approx.) _____

## II. Exhaustion of Administrative Remedies

**NOTICE:**  Pursuant to the Prison Litigation Reform Act of 1995, A[n]o action shall be brought with respect to prison conditions under [42 U.S.C. * 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.@ 42 U.S.C. * 1997e(a).  Prior to filing suit, inmates are <u>required</u> to exhaust the available administrative remedy process, <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, <u>Porter v. Nussle</u>, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002).  If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice.  <u>Jones</u>, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes __X__   No_____

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes __X__   No_____

C. Is the process completed?

Yes __X__    If your answer is yes, briefly explain what happened at each level.

At the 1st Level, Concerning inmate/Prison. By passed to the second level, where Lieutenant (LT) R. Adamak was assigned to hear my claim(s). On May 22, 2020 LT. B. Adamak conducted a telephonic interview. On May 26, 2020 LT. B. Adamak completed the 2nd level, denying my appeal because Chaidez has not provided any compelling evidence to substantiate the RVR be dismissed or Re-issued/Re-heard. On August 03-2020, the Office of Appeal received my dissatisfaction & disagreement with the second level disposition. After, 1 year, & 4 months later (16th month) I received the Office of Appeal response to my claim(s). The Office of Appeal determined that the 2nd level disposition shall serve as the Departments final Decision... However, the Office of Appeals gave no reason(s) in particular, to excuse why did it violate the Time Limitation that the Department has to respond under California Department of Corrections & Rehabilitation. (CDCR) Title 15, Section. 3084.8(c)(3) Third level response's shall be completed within 60 working days from Date of Receipt by the 3rd level Appeals Cheif. Title 15. Section 3084.9 (4)(5)

No_____   If your answer is no, explain why not.

_____

_____

_____

_____

_____

_____

_____

2

**III. Defendants**

List each defendant's full name, official position, and place of employment and address in the spaces below. If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

A. Name __A. Sandoval, Jr.__ is employed as __Correctional Office__

Current Address/Place of Employment __Wasco State Prison.__

B. Name __R. Adamar__ is employed as __Lieutenant__

Current Address/Place of Employment __Wasco State Prison__

C. Name __E. Magallanes__ is employed as __Lieutenant__

Current Address/Place of Employment __Corcoran State Prison.__

D. Name _____ is employed as _____

Current Address/Place of Employment _____

E. Name _____ is employed as _____

Current Address/Place of Employment _____

**IV. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

<u>Claim 1</u>: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom from cruel and unusual punishment, etc.):

Chaidez was Denied Procedures Within Departmental & Institutional Guideline of California Code of Regulation Title 15, Section 3320(a) "Hearing Procedures & Time Limitation" Depriving Chaidez Rights To Be Issued A Classified Copy of The RVR To Be Serve Within 15 Days of Discovery of Information. (September 28, 2017) Constituting A Violation To The 14TH Amendment To The U.S. Constitution To Be ~~Provision~~ Equal Protection of Law, Under Its Jurisdiction.

<u>Supporting Facts</u> (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 1.):

Correction Officer (C/O) A. Sandoval Jr. Is The Reporting Employee Who Authored The RVR of May 15 2018 for the Specific Act of Distribution of Controlled Substance Log# 503153. That State In Part: On September 28, 2017 @ Approximately 0904 Hours, While Assisting With Yard Release, I Observed Inmate (I/m) Chaidez G-33130 Walking Down The Stair Case, I Instructed Chaidez To Turn Away To Conduct A Clothed Body (Pat Down) Search. During The Search I found Two (2) Round Bindles of A Green Leafy Substance (Suspected Marijuana). On Chaidez Right Shoe.
The Substance Was Than Submitted To The "Evidence Control Unit" @ Kern Regional Crime Laboratory By Sonia Marquez of Wasco State Prison (WSP) On 10/04/2017 Via In Person. The Forensic Examined The Report (LAB# 17-CL-03056). The Report Was Completed On 11/20/2017 & Technically Reviewed On 11/27/2017. Laboratory Director Tammi L. Noe Released The Report & A Auto-Email Was Sent To The Agency (Wasco State Prison Investigative Service Unit) (WSP ISU) On November 28, 2017 Notifying The Agency That The Green Leafy Substance Tested Positive for Marijuana.
Lieutenant E. Magallanes Was The Senior Hearing Office (SHO) On March 28, 2020 Hearing Chaidez RVR for Violation of CCR

3

Title 15, Section 3016(c) for the Specific Act of Distribution of Controlled Substance. The Disciplinary Hearing was Held within 30 Days of Service from The D.A Results. At The Time of The Hearing Chaidez was Asked if He Wish To Make Any Comments &/or Had Any Evidence He Would Like To Present for His Defense? Chaidez, Took The Opportunity & Informed Lt Magallanes That The RVR pass The Time Limitation & Violated Chaidez Rights Under California Code of Regulation Title 15 Section 3320(a) "Hearing Procedures & Time Limitation". A Classified Copy of The RVR & Any Additional Supplemental Information Detailing Any Elements of The Violation Charged Shall Normally Be Provided To The Inmate Within 15 Days from The Date The Information Leading To The Charges Is Discovered By Staff. (September 28, 2017 @ Approximately 0940). In Support of Chaidez Defense, Chaidez, Presented E-mail Documents from Kristina Wetzer Funderburk That Were Obtain By Chaidez Public Defender Attorney Christina Matias & The Original Document from Crime Laboratory Director Tommi L. Noe Sustaining The November 28, 2017 Release Date of The Report. Sixty-Two (62) Days After The Discovery of The Information (September 28, 2017).

On May 22, 2020, Chaidez Continue To Express His Disagreement On A Telephonic Interview with Lieutenant B. Adamak From Wasco State Prison. Providing The Lieutenant B. Adamak With A Letter Name "Inmate Chaidez G-33130 RVR Statement", An E-mail from Kristina Wenzel Funderburk, & Two Reports from California Smart Prison & The Original Kern Regional Crime Laboratory Report of Examination Dated November 28, 2017. Arguing That The RVR Surpass The 15 Days Provided By CCR Title 15, Section 3320(a). & That The RVR Should Be Dismiss.

Correctional Officer, A. Sandoval, Jr. Was Required To Provide Inmate Chaidez With A Rule Violation Report (RVR) 15 Days from The Discovery of Information. (September 28, 2017). Correctional Officer A. Sandoval Jr. Was In Violation To The California Code of Regulation Time Limitation, When On May 15, 2018, It Decided To Issue Chaidez With A RVR, Specific Act: Distribution of Controlled Substance.

**Claim 2:** The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

Lieutenant E. Magallanes Deny Chaidez The Rights To Present Documents, & Accept During The Disciplinary Hearing, Certify Documents, Proving That WSP ISU & Correctional Officer(s) Sandoval Jr. Participated In A Crime Committing Fraud & Tampering With District Attorney Crime Lab Documents, Evidence That Is Essential To The Hearing. Transmitting Information That Violates & Contain Defamatory & Intentionally Falsifying Information To Affect Chaidez Release Date & Possibly Postponding Chaidez Release Date. A Violation of CCR Title 15, Sec 3413(c)(A)(1)(2). Constituting A Violation of Due Process of Law & Depriving Chaidez The Equal Protection of Law. To The 5th & 14th Amendment.

Supporting Facts (Include all facts you consider important to Claim 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 2.):

On March 28, 2020, During Chaidez Disciplinary Hearing, Lieutenant E. Magallanes was Informed of The Intentionally Falsification. The RVR of May 15, 2018. This Rule Violation Report Contain Defamatory Information. The Senior Hearing Officer (SHO) Lt. E. Magallanes, was Presented With "The Original" Kern Regional Crime Laboratory Report of Examination Dated November 28, 2017, & The Supplemental Kern Regional Crime Laboratory Report of Examination with the Rubber Stamp Date May 15, 2018 "Copy" Issued To Chaidez, With His Incident Report. Chaidez Argued In his Defense To Lt. Magallanes, That The **Copy** Was Maliciously & Sadistically, Alter To Cover Up The Original Date of November 28, 2017. Chaidez Tried To Explain To Lt. Magallanes That It Was A Crime What C/O Sandoval Jr, & WSP ISU Had Done With Chaidez Kern Regional Crime Laboratory Report of Examination In Tampering & Manipulation Of The Rubber Stamp Date May 15, 2018. Chaidez Constantly Argued & Presented To Lt. Magallanes The Inmate Copy Demonstrating Substantial Evidence of The Current Date On The Inmate Copy Was Omitted, Erased, & Cover-Up, With The Intentions Of Affecting Chaidez Release Date Or Possibly Postponding Chaidez Release Date. While Lt. Magallanes Is Being Presented With The Original Document, & Comparing It With The Inmate Copy, The SHO, Did Not Care & Would Only Tell Chaidez The Appeal Process, If Chaidez Did Not Approve of The Decision.

In A Interview With Lt. B. Adamak Conducted Through A Telephonic Process, On May 22, 2020, Chaidez Continued To Demonstrate, With Compelling Evidence, The Fact That May 15, 2018, Was Not Supported By Any Other Credible Or Reasonable Evidence. May 15, 2018 was Fabricated In An Effort To Deprive Chaidez Of His Liberty. Lt. B. Adamak, Was Also Presented With E-Mail from Kristina Wenzel Funderburk, Sustaining Chaidez Defense, That Wasco State Prison (WSP) Investigative Service Unit (ISU) Had Received Through A Auto-Email On November 28, 2017 The Results & Report Of The Request, & That It Was Available Through The Labs Portal. Lt. Adamak, & Lt. E. Magallanes, Had The Solid Evidence (Kern Regional Crime Laboratory Report of Examination) The Original

4

Claim 3. The Third Level Review Office of Appeals (OOA) violated Chaidez's Due Process of Law & Denied Chaidez his Equal Protection of Law. To Chaidez, 5th & 14th Amendment, to the U.S. Constitution. The Third Level Review, OOA, violated California Code of Regulation Title 15 section 3084.8(c)(3). When it exceeded the 60 working days to respond & complete the Third Level Decision.

Supporting Facts: On 6-30-2020, @ 1750 hours Correctional Officer Martinez, assigned to 3C Yard, Building 4, delivered Inmate Chaidez Second Level Response. Inmate Chaidez is responsible to submit the appeal within 30 calendar days upon receiving an unsatisfactory department response to an appeal filed, or upon first having knowledge of the action or decision being appealed. Chaidez, move to submit his Third Level Dissatisfactory Response on 7-23-2020. The Third Level Office of Appeal received Chaidez Dissatisfactory on Aug 03-2020. The Third Level Office of Appeal shall responded to & return to the Inmate or Parolee By Staff Within the following time limits. The Third Level Responses shall be completed within 60 days from date of Receipt By The Third Level Appeals Chief. However The Third level (OOA) is excepted to the delay when it prevents completion of the Review within specified time limits. Chaidez, shall be provided an explanation of the Reasons for The Delay & the estimated completion date. A requirement the Third Level OOA failed to explain its Reasons for the delay.

Claim 4. The Senior Hearing Officer (SHO) inappropriately found Chaidez Guilty of his RVR for Distribution of Controlled Substance. CCR Title 15 Section 3016(b). Punishment Does Not Fit The Crime. Subjecting Chaidez, to Cruel & Unusual Punishment. Under the 8th Amendment to the U.S. Constitution.

Supporting Factor: The Senior Hearing Officer. In His Decision found me Guilty of Specific Act Controlled of Substance. Rule 3016(b). Inmates Shall Not Possess, Exchange, Manufacture, Or Have Under Their Control Any Controlled Substance, Medication, Or Alcohol. Except As Specifically Authorized By The Institution Health Care Staff.
   Suspension of Privileges Specified by the Hearing Official for no more than a 90-Day Period. Starting the date the Rule Violation Report was adjudicated. The Suspension of Privileges for Violations of Subsections 3016(a), 3016(b), 3016(c) & 3290(d) shall be assessed as follows: (1) Thirty days for the 1st offense. (2) Sixty days for the second offense. & (3) Ninety days for the third offense. I was deprived of my privileges for 780 No Contact Visits.

5

Document & the Inmate Copy, to Determine the Reliable & Truthfulness of the Information. Both Lieutenants Deprive Chaidez, the Right to Due Process & the Right Under CDCR Jurisdiction to Equal Protection of Law. The Record to a Disciplinary Proceeding Must Contain Evidence (Confidential Or Otherwise) That Would Allow A Court To Review The Determination. Chaidez Was found Guilty Depriving Him Of Time Credits (His Liberty), Family Visits, & Deprived of His Property. Constituting A Violation To Chaidez, U.S. Constitution. Lt. B. Adamak, Was Inform That Lt. E. Macallanes, Denied Chaidez The Request To Accept The Documents That Are Being Presented Here. Supporting Evidence That A Violation Of California Code of Regulation Title 15, Section 3320(a) "Hearing Procedures & Time Limitation" Was Violated. Both Lt. B. Adamak & Lt. E. Macallanes Do Not Care, That Such Violation Was Being Committed.

## V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I Would Like For This Court To Order for The Rule Violation Report Be Dismiss, & Remove from My C-File, Restate All My Credits, Return All Family Visits, If Possible Prosecution for Tampering With Evidence, % Sandoval Jr, & Wasco State Prison Investigative Service Unit, & Be Reparate for The Psychological & Mental Illness It Has Cause, Amount Left Up To The Trial Judge Or The Honorable Judge. & Have Both Lt. Macallanes & Lt. Adamak, To Be Demoted, for Not Protecting The Life & Liberty of A Person In Their Custody.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 3/23/2022       Signature of Plaintiff: /s/

(Revised 4/4/14)

6